IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DWIGHT OSCAR BREWINGTON,

    Plaintiff,

v.   CV 421-261

CORRECT HEALTH, DR. VASLENKO,
and CHATHAM COUNTY SHERIFF'S
COMPLEX,

    Defendants.

O R D E R

Plaintiff Dwight Oscar Brewington filed this lawsuit while imprisoned at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is

immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.  BACKGROUND

Plaintiff injured his knee by falling in the shower while incarcerated at the Chatham County Detention Center. (Doc. No. 1, at 5.) He also claims he has a chipped bone sticking into his nerve in his shoulder, a crack in his neck, and torn cartilage in his right knee. (Id.) Although Plaintiff has requested medical assistance multiple times, he has only been given pain relief. (Id. at 5-6.) He asserts that Defendant Vaslenko, a doctor with Correct Health, told him he needs surgery to permanently alleviate the problem, but the doctor has refused to recommend Plaintiff for surgery. (Id. at 5.) According to Plaintiff, Defendant Vaslenko told him that the Sheriff will deny the surgery as it is likely cost prohibitive. (Id.) Meanwhile, Plaintiff is experiencing substantial and constant pain. He claims Defendants' actions are "unethical and unprofessional to neglect." (Id.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is

frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain

3

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

To state a claim of deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) [the] defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam), abrogated on other grounds by Twombly, 550 U.S. 544. The Court assumes for the purposes of frivolity review that Plaintiff has alleged a serious medical need, given Plaintiff's allegations that even though Defendant Vaslenko ordered surgery to alleviate constant debilitating pain, he was only given medication that was ineffective. (Doc. No. 1, at 4.)

As to the next element, the Eleventh Circuit has issued a number of decisions that declare that prison officials who

4

substantially delay or deny inmates necessary medical care for nonmedical reasons such as cost savings can violate the inmate's Eighth Amendment rights. See, e.g., Farrow v. West, 320 F.3d 1235, 1246-47 (11th Cir. 2003); see also Hayes v. Lewis, 2017 WL 104176, at *4 (S.D. Ga. Jan. 10, 2017) (collecting cases). Plaintiff here alleged that necessary surgery was delayed by Defendant Vaslenko due to perceived costs, which caused him to suffer. (See Doc. No. 1, at 5). Thus, Plaintiff has stated facts at least consistent with an Eighth Amendment claim against Defendant Vaslenko. See Ancata v. Prison Health Servs., 769 F.2d 700, 705 (11th Cir. 1985) ("Lack of funds for facilities cannot justify an unconstitutional lack of competent medical care or treatment of inmates."); Harris v. Coweta Cnty., 21 F.3d 388, 394 (11th Cir. 1994) ("Under the clearly established legal norms, a reasonable sheriff would have known that delaying prescribed treatment for a serious medical need for several weeks for a nonmedical reason may violate an inmate's constitutional rights."). For this reason, process shall issue against Defendant Vaslenko.[1]

---

[1] While Plaintiff lists Correct Medical and the Chatham County Sheriff's Complex in the case caption, he sets forth no allegations of fact against these entities. Indeed, he lists only Defendant Vaslenko in his list of defendants. Accordingly, Correct Health and the Chatham County Sheriff's Complex are dismissed as party defendants in the case.

5

### IV. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Vaslenko. Instructions for service shall be entered in a companion Order. **IT IS FURTHER ORDERED** that Plaintiff's claims against Correct Health and the Chatham County Sheriff's Complex are **DISMISSED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE